UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOHN LITTLE, | ) | CASE NO. C07-1341-JCC-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| PAT PENDRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action brought against employees of Snohomish County Jail. Plaintiff filed a motion for a preliminary injunction, seeking cessation of retaliatory acts impeding his access to the courts and his right to file grievances, and asserting the denial of medication. (Dkt. 14.) Defendants filed an opposition to plaintiff's motion (Dkt. 18) and recently notified the Court that plaintiff has been released from Snohomish County Jail (Dkts. 22 & 23). For the reasons described below, the Court finds plaintiff's request for preliminary injunctive relief moot and, consequently, recommends that his motion be denied.

REPORT AND RECOMMENDATION
PAGE -1

01       A grant of preliminary injunctive relief requires: "(1) a strong likelihood of success on the

02 merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted,

03 (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in

04 certain cases)." *Johnson v. California State Bd. Of Accountancy,* 72 F.3d 1427, 1430 (9th Cir.

05 1995). Alternatively, a moving party may show either a combination of likely success on the

06 merits and the possibility that he/she will suffer irreparable injury *or* that serious questions are

07 raised and the balance of hardships tips sharply in the moving party's favor. *See Dr. Suess Enter's*

08 *v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1396 n.1 (9th Cir. 1997) (citing *Big Country Foods,*

09 *Inc. v. Board of Educ.*, 868 F.2d 1085, 1088 (9th Cir. 1989)).

10       Plaintiff seeks a preliminary injunction prohibiting defendants from retaliatory acts and,

11 possibly, requiring them to provide certain medication. However, because of his release from jail,

12 plaintiff is no longer in contact with the defendants named in this lawsuit. Generally, a prisoner's

13 release or transfer from a particular prison moots injunctive relief claims, unless the suit has been

14 certified as a class action. *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Dilley v. Gunn*, 64

15 F.3d 1365, 1368 (9th Cir. 1995). *See also McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095

16 (9th Cir. 2004) (prisoner's release "extinguishes his legal interest in an injunction because it would

17 have no effect on him.") Plaintiff's suit has not been certified as a class action. In order to secure

18 injunctive relief, plaintiff must demonstrate "'a very significant possibility' that the future harm will

19 ensue." *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990) (quoted source omitted).

20       The Court finds no basis for concluding that plaintiff is likely to suffer irreparable injury

21 in the absence of the requested injunctive relief. The mere possibility of his re-arrest and

22 imprisonment in the facility wherein the alleged harms occurred is simply too speculative to

prevent a finding of mootness. *See, e.g.*, *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989) (plaintiff who had been released from prison had no reasonable expectation of return because such return would occur only if the plaintiff committed additional criminal acts). *See also generally Preiser*, 422 U.S. at 403, and *Dilley*, 64 F.3d at 1369.

Accordingly, the Court recommends that plaintiff's request for preliminary injunctive relief be deemed moot and his motion denied. A proposed Order accompanies this Report and Recommendation.[1]

DATED this 30th day of October, 2007.

Mary Alice Theiler
United States Magistrate Judge

---

[1] Because plaintiff has not advised the Court as to a change of address, the Court will continue to utilize his Snohomish County Jail address as his address of record. However, the Court will also direct this Report and Recommendation to all four of the addresses for plaintiff identified on respondents' recent filing. (*See* Dkt. 22 at 3.) The Court reminds plaintiff that, pursuant to Local Civil Rule 41(b)(2), he is required to keep the Court and opposing parties advised as to his current address. **Moreover, if mail directed to plaintiff's address is returned by the post office and if plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the Court may dismiss this action based on a failure to prosecute**. *See id.*