UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOHN LITTLE, | ) | CASE NO. C07-1341-BHS-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR LEAVE TO OBJECT |
| PAT PENDRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action brought against employees of Snohomish County Jail. He seeks leave to object to a Report and Recommendation issued by the undersigned recommending denial of a motion for a preliminary injunction and to appeal the Order adopting that Report and Recommendation. (Dkt. 47.) For the reasons described below, the Court finds no basis for granting plaintiff's requests.

In his motion for a preliminary injunction, plaintiff sought the cessation of retaliatory acts impeding his access to the courts and his right to file grievances, and asserting the denial of medication. (Dkt. 14.) The Court issued its Report and Recommendation on October 31, 2007, recommending denial based on the fact that plaintiff had been released from jail and was no longer

in contact with the defendants named in this lawsuit.  (Dkt. 26.)  The Report and Recommendation was returned as undeliverable. ( *See* Dkts. 28-31.)  The Court adopted the Report and Recommendation by Order dated November 26, 2007.  (Dkt. 32.)  On November 28, 2007, the Court received a letter from plaintiff requesting an update on the status of his case and providing a return address for the Snohomish County Jail.  (Dkt. 33.)  On December 3, 2007, the Order adopting the Report and Recommendation was returned as undeliverable, with an indication that plaintiff had been released.  (Dkt. 34.)  The Court received a notice of change of address from plaintiff on January 4, 2008, reflecting that he was back in custody.  (Dkt. 37.)

Plaintiff now seeks leave to object to the Report and Recommendation and to appeal the Order denying his motion for a preliminary injunction. Plaintiff asserts that he was never served with either document.  He states that he was released on October 19, 2007, re-arrested November 13, 2007, and re-released on November 30, 2007.  Plaintiff further states that, due to his indigent status and mental illness, he was unable to obtain an address or otherwise communicate with the Court following his release.  Plaintiff argues that he should not be denied the opportunity to object due to his homelessness, indigent status, and mental illness.  He also asserts that he was in jail at the time the Order was delivered and returned as undeliverable and that he wrote letters to the Court indicating his return address.

However, none of plaintiff's contentions warrant granting him an opportunity to belatedly object to the Report and Recommendation or appeal the Order denying his motion for a preliminary injunction.  Pursuant to Local Civil Rule 41(b)(2), plaintiff is required to keep the Court and opposing parties advised as to his current address.  Here, the Court did not receive notice from plaintiff as to a change of address until January 4, 2008, well after the Court issued

in contact with the defendants named in this lawsuit. (Dkt. 26.) The Report and Recommendation was returned as undeliverable. ( *See* Dkts. 28-31.)  The Court adopted the Report and Recommendation by Order dated November 26, 2007. (Dkt. 32.) On November 28, 2007, the Court received a letter from plaintiff requesting an update on the status of his case and providing a return address for the Snohomish County Jail. (Dkt. 33.) On December 3, 2007, the Order adopting the Report and Recommendation was returned as undeliverable, with an indication that plaintiff had been released. (Dkt. 34.) The Court received a notice of change of address from plaintiff on January 4, 2008, reflecting that he was back in custody. (Dkt. 37.)

Plaintiff now seeks leave to object to the Report and Recommendation and to appeal the Order denying his motion for a preliminary injunction. Plaintiff asserts that he was never served with either document. He states that he was released on October 19, 2007, re-arrested November 13, 2007, and re-released on November 30, 2007. Plaintiff further states that, due to his indigent status and mental illness, he was unable to obtain an address or otherwise communicate with the Court following his release. Plaintiff argues that he should not be denied the opportunity to object due to his homelessness, indigent status, and mental illness. He also asserts that he was in jail at the time the Order was delivered and returned as undeliverable and that he wrote letters to the Court indicating his return address.

However, none of plaintiff's contentions warrant granting him an opportunity to belatedly object to the Report and Recommendation or appeal the Order denying his motion for a preliminary injunction. Pursuant to Local Civil Rule 41(b)(2), plaintiff is required to keep the Court and opposing parties advised as to his current address. Here, the Court did not receive notice from plaintiff as to a change of address until January 4, 2008, well after the Court issued

its Report and Recommendation and the Order denying his motion for a preliminary injunction, and the return of both of those documents to the Court as undeliverable. Morever, the fact remains that, at the time his motion for a preliminary injunction was ripe for review, plaintiff had been released from custody, rendering his injunctive relief claims moot. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). *See also McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004) (prisoner's release "extinguishes his legal interest in an injunction because it would have no effect on him.") While plaintiff was apparently briefly re-incarcerated in November 2007 and sent a letter containing a Snohomish County Jail return address following the issuance of the Report and Recommendation, he had been re-released – once again rendering his claims moot – by the time the Order adopting the Report and Recommendation arrived at the jail. (*See* Dkt. 34.) Accordingly, while plaintiff may seek to again pursue preliminary injunctive relief, he may not now challenge the Court's previous ruling.

For the reasons described above, plaintiff's motion for leave to object and appeal (Dkt. 47) is DENIED. The Clerk shall send a copy of this Order to plaintiff, to counsel for defendants, and to the Honorable Benjamin H. Settle.

DATED this 18th day of March, 2008.

Mary Alice Theiler
United States Magistrate Judge