01
02
03
04
05

06       UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
07                  AT SEATTLE

08  JOHN LITTLE,                    )   CASE NO. C07-1341-BHS
                                    )
09          Plaintiff,               )
                                    )
10      v.                          )   REPORT AND RECOMMENDATION
                                    )
11  PAT PENDRY, et al.,             )
                                    )
12          Defendants.              )
    _____ )
13

14                  INTRODUCTION

15      Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. He is

16  incarcerated at the Snohomish County Jail in Everett, Washington. Plaintiff avers interference

17  with his access to the courts through the denial of indigent legal mail envelopes. (Dkt. 6 at 3.)

18  He names Patricia Pendry, Dave Oster, Randy Finsen, and Steve Thompson, all of Snohomish

19  County Jail, as defendants.

20      Defendants moved for summary judgment and for entry of a strike against plaintiff under

21  the Prison Litigation Reform Act for filing a frivolous lawsuit. (Dkt. 52.) Plaintiff opposes

22  defendants' motion and filed a cross motion for summary judgment on his claim. (Dkt. 72.)

REPORT AND RECOMMENDATION
PAGE -1

Plaintiff also filed a motion for injunctive relief, seeking physical assistance to the law library and medication. (Dkt. 65.)

Now, having considered the papers filed by plaintiff and defendants, as well as the balance of the record in this matter, the Court finds that defendants' motion for summary judgment should be granted, plaintiff's cross motion for summary judgment and motion for injunctive relief should be denied, and this case should be dismissed against all named defendants.

## BACKGROUND

In addition to numerous other pending cases,[1] plaintiff is currently pursuing an appeal of a case dismissed by this Court, *see Little v. Behner*, No. C05-1220-RSL, in the Ninth Circuit Court of Appeals. The current dispute relates to that appeal.

Pursuant to Snohomish County Code (SCC) 5.16.020(2)(ii) and internal jail policies, indigent Snohomish County Jail inmates may mail up to three letters a week at public expense, or more with a proper showing, and may mail out any number of letters to their attorney(s) and the courts. (Dkt. 54, Exs. A & B.) Indigent inmate requests for legal mail envelopes are directed to the Classification Counselor on duty. (Dkt. 55, ¶ 5.) Upon a determination that the proposed addressee qualifies as a legal entity pursuant to the SCC, the jail pre-addresses the envelopes for the inmate. (*Id*.)

On July 24, 2007, the Ninth Circuit granted plaintiff's second request for an extension of

---

[1] At this time, plaintiff has six cases pending in this Court. *See Little v. Spano*, No. C08-684-MJP; *Little v. Doe*, No. C08-371-JCC; *Little v. Oster*, No. C08-148-JCC; *Little v. Behner*, No. C08-146-RSL; *Little v. Oster*, No. C08-101-RAJ; *Little v. Oster*, No. C07-1317-BHS. He is also in the process of seeking to pursue two other cases. *See Little v. Hall*, No. C08–681-RSM; *Little v. Rabelos*, No. C08-595-TSZ.

time to file an opening brief in his appeal, extending the deadline for filing to September 10, 2007. (Dkt. 54, Ex. D.) On July 26, 2007, Classification Counselor Pendry provided plaintiff with legal envelopes addressed to Columbia Legal Services, the ACLU, the United States District Court, Western District of Washington, and his attorney, as well as two envelopes addressed to the Ninth Circuit Court of Appeals. (Dkt. 54, Ex. B and Dkt. 73, Ex. A.) Plaintiff contends that, on August 2, 2007, he again requested envelopes addressed to those same entities. On August 3, 2007, Pendry provided plaintiff with another envelope addressed to the Ninth Circuit. (Dkt. 55, ¶ 8.) A note in the jail's computer system dated August 3, 2007 states: "Attached is a legal envelope for the 9th Circuit in California. A school does not qualify for legal mail envelopes – so the request for U of W is denied. You received legal mail envelopes for all others request [sic] on 7/26/08." (Dkt. 54, Ex. C and Dkt. 73, Ex. A.)

Plaintiff continued to receive numerous legal and blank envelopes throughout August and early September of 2007, including several addressed to the Ninth Circuit. For instance, Classification Counselor Terry Bloss, between August 19, 2007 and September 4, 2007, provided plaintiff with some nine legal envelopes, at least two of which were addressed to the Ninth Circuit, one civil rights packet, and two manila folders, one of which was addressed to the Ninth Circuit. (Dkt. 53, ¶¶ 2-6 and Exs. A-E.) (*See also* Dkt. 55, ¶ 9 and Ex. A (plaintiff's Resident Account Summary reveals that, between July 2, 2007 and August 27, 2007, plaintiff received nine "indigent commissary packs," comprising a total of 27 envelopes and 54 sheets of paper).) Also, the Ninth Circuit granted plaintiff four additional extensions of time for filing his opening brief, ultimately extending the deadline for filing to April 11, 2008. *See Little v. Behner*, No. C05-1220-RSL (Dkt. 132) (granting plaintiff's sixth request for an extension of time to file his opening brief); (Dkt. 54,

REPORT AND RECOMMENDATION
PAGE -3

Exs. C-I (plaintiff's requests for extensions and several Ninth Circuit orders granting his requests).)

Plaintiff asserts that, at the time of the denial of his August 2, 2007 request for legal mail envelopes, he was coordinating his withdrawal from acting *pro se* and was in the process of sending financial information and court documents to legal aid in seeking representation during his appeal. (Dkt. 6 at 3 and Dkt. 72 at 2.) He maintains that the denial, along with subsequent denials of the request by defendants Oster, Finsen, and Thompson, "impede[d], delay[ed], and chill[ed] the preparation, filing of opening brief." (Dkt. 6 at 3.)

## DISCUSSION

Plaintiff here avers claims pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A. <u>Motions for Summary Judgment</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23. The court must draw all reasonable inferences in favor of the non-

moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).

As reflected above, plaintiff asserts a violation of his constitutional rights through the failure to provide him with legal mail envelopes requested on August 2, 2007, and claims that this denial impeded, delayed, and chilled the preparation of his opening brief in his Ninth Circuit appeal. However, for the reasons described below, this access to courts claim fails.

While inmates have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), they must show actual injury in order to pursue an access to courts claim, *Lewis v. Casey*, 518 U.S. 343, 351 (1996). An inmate must demonstrate that alleged shortcomings in the prison's legal access scheme hindered, or were hindering, his ability to pursue a non-frivolous legal claim, *see Lewis*, 518 U.S. at 354-55, and/or provide specific examples in which he "'was actually denied access to the courts[,]'" *Allen v. Sakai*, 48 F.3d 1082, 1090 (9th Cir.1994) (quoted source omitted). Also, delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests[.]" *Lewis,* 518 U.S. at 362.

Here, plaintiff fails to offer any evidence of actual injury. Although alleging an impact on the filing of his opening appellate brief, the evidence shows that the jail provided plaintiff with a number of legal mail envelopes addressed to the Ninth Circuit during the relevant time period, including an envelope received in response to the challenged August 2, 2007 request, as well as numerous other legal and blank envelopes. (*See* Dkt. 53, ¶¶ 2-6 and Exs. A-E; Dkt. 55, ¶¶ 7-9 and Exs. A-C.) Indeed, plaintiff was able to file with the Ninth Circuit four additional motions for extensions of time following the partial denial of his August 2007 request. *See Little v. Behner*,

REPORT AND RECOMMENDATION
PAGE -5

No. C05-1220-RSL (Dkt. 132); (Dkt. 54, Exs. E-I.) While one of those motions points to the denial of plaintiff's envelope request as the basis for the extension, the remainder reveal other reasons for the continued delay in filing his opening brief, including his mental health and the loss of his legal documents during a temporary release from jail. (Dkt. 54, Exs. E, G & I.) (*See also Id.*, Ex. C (July 24, 2007 Ninth Circuit order granting plaintiff his second extension was granted in response to a motion attributing the need for an extension to, in large part, his mental health issues).) Moreover, while plaintiff also avers an impact on his ability to discontinue his *pro se* status and to obtain counsel, evidence of plaintiff's numerous filings in this Court belie any contention as to a general interference with his ability to litigate or otherwise access the courts. (*See*, *e.g.*, Dkts. 14, 17, 20-21, 25, 33, 37, 39, 43-45, 47, 58-59, 61, 63-65.)[2]

In sum, the mere fact that the jail failed to provide plaintiff with all of the envelopes he requested does not demonstrate denial of access to the courts. Instead, it is apparent plaintiff has been afforded meaningful access to the Courts. As such, defendants are entitled to a judgment as a matter of law and this case should be dismissed. Also, because the Court agrees with defendants as to the frivolous nature of this lawsuit, this dismissal should count as a "strike" under 28 U.S.C. § 1915(g).

B.  Motion for Injunctive Relief

Plaintiff submitted a document requesting injunctive relief, specifically, for physical assistance to the law library and for certain medications (zyprexa and seroquil). (Dkt. 65.) While all of plaintiff's claims in this lawsuit are subject to dismissal for the reasons described above, the

---

[2] *See also supra* n. 1.

01  Court also separately addresses plaintiff's request for injunctive relief.

02  A court grants preliminary injunctive relief to preserve the status quo and prevent
03  irreparable harm pending a resolution on the merits of a lawsuit. *Los Angeles Memorial Coliseum*
04  *Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). "Thus, a party moving
05  for a preliminary injunction must necessarily establish a relationship between the injury claimed in
06  the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d
07  470, 471 (8th Cir. 1994).

08  Plaintiff's complaint does not include any allegations regarding medication. Accordingly,
09  there is no basis for plaintiff's injunctive relief request to the extent it relates to a request for
10  medication.

11  Plaintiff's request as it relates to the law library similarly fails given that, while he alleges
12  an access to courts claim in his complaint, that allegation addresses only a denial of a request for
13  legal envelopes and does not include more generalized allegations concerning access to the law
14  library. Moreover, even if plaintiff had more broadly alleged an access to courts claim, his motion
15  should be denied based on his failure to show irreparable injury. *See Oakland Tribune, Inc. v.*
16  *Chronicle Pub. Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) ("Under any formulation of the test [for
17  granting preliminary injunctive relief], plaintiff must demonstrate that there exists a significant
18  threat of irreparable injury.") *Accord Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668,
19  674 (9th Cir. 1988) ("At a minimum, a plaintiff seeking preliminary injunctive relief must
20  demonstrate that it will be exposed to irreparable harm.") A denial of access to the law library
21  does not, in and of itself, constitute an actual injury, while delays in providing legal materials or
22  assistance that result in actual injury are "not of constitutional significance" if "they are the product

REPORT AND RECOMMENDATION
PAGE -7

of prison regulations reasonably related to legitimate penological interests[.]" *Lewis,* 518 U.S. at 351, 362 (stating that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance[.]") Here, the Court lacks sufficient details relating to the nature of the alleged deprivation. Additionally, as stated above, evidence of plaintiff's filings in this and other cases belie the contention of a denial of access to the courts. For this reason and for the reasons described above, plaintiff's request for preliminary injunctive relief should be denied.

## CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion for summary judgment be GRANTED, that plaintiff's cross motion for summary judgment and request for injunctive relief be DENIED, and that plaintiff's claims against all named defendants be DISMISSED. The Court further recommends that this dismissal count as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

DATED this 15th day of July, 2008.

Mary Alice Theiler
United States Magistrate Judge